http://www.va.gov/vetapp16/Files4/1630425.txt

Citation Nr: 1630425 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 10-44 618 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky

THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), depression and dissociative amnesia. 

REPRESENTATION

Veteran represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

Jeremy J. Olsen, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the U.S. Army from August 2001 to October 2003. 
This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision issued by the Department of Veterans Affairs (VA), Regional Office (RO) in Louisville, Kentucky. 

The Board notes that, in his November 2010 substantive appeal, the Veteran requested a videoconference hearing before the Board. That hearing was originally scheduled for November 2011. However, in a letter to VA that month, the Veteran asked that the hearing be rescheduled. The rescheduled hearing was set to occur in January 2012. At that time, the Veteran did not appear for the hearing nor request that it be rescheduled. Therefore, his hearing request is considered withdrawn. See 38 C.F.R. § 20.704(e)(2015).

In April 2014, the Board reopened the Veteran's claim for what was then characterized as service connection for PTSD and remanded the claim for additional development.

This appeal was processed using the Veterans Benefit Management System (VBMS) and Virtual VA paperless claims processing systems. It is being REMANDED to the agency of original jurisdiction (AOJ). VA will notify the Veteran when further action, on his part, is required.

REMAND

Although the Board regrets the additional delay, another remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2015). A remand by the Board confers upon the appellant, as a matter of law, the right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 

In the April 2014 remand, the Board instructed the AOJ to obtain additional medical records, to include private records concerning the Veteran's 2005 hospitalization for depression at a private hospital in Kentucky. Following the remand, updated copies of the Veteran's VA medical records were associated with the file; however, the private reports were not among them and it does not appear that an attempt to obtain such records was made. Therefore, on remand, the AOJ should take such steps necessary to obtain the Veteran's missing private mental health treatment records.

Additionally, the Board notes that, pursuant to the April 2014 remand, the Veteran was scheduled for a VA mental health examination. It appears from the record that notice of the examination was returned as undeliverable, and the exam was canceled. Another examination was scheduled in June 2014 by the Puget Sound HSC. The notifications were cancelled as undelivered. Thereafter, in September 2014 the AOJ issued a supplemental statement of the case, which denied the claim based on the Veteran's failure to report. 

In a November 2014 statement, the Veteran's sister contended that her brother moved to Seattle, Washington in June 2014 to live with her. She averred that she witnessed him calling the VA to reschedule his examination. 

In a January 2015 statement, the Veteran explained that he had moved to Washington and had informed the AOJ of this fact. Regardless, the Veteran contends, he was scheduled for an examination in Kentucky, which he missed.

Therefore, as argued by the Veteran's representative in a June 2016 brief, the Board finds good cause to reschedule the Veteran's examination as it appears that he may have moved and not received notification of the scheduled mental health examination; it appears that this is the case. As such, a remand is necessary in order to reschedule his VA examination.

Finally, due to the length of time which will elapse on remand, updated VA treatment records dated from March 2015 to the present should be obtained for consideration in this appeal.

Accordingly, the case is REMANDED for the following action:

1. Ascertain the Veteran's current city of residence. If he continues to reside outside the jurisdiction of the Louisville, Kentucky RO, transfer his file to the nearest appropriate RO.

2. Obtain updated copies of the Veteran's VA treatment records, dated from March 2014 to the present. In addition, the AOJ is instructed obtain all private mental health treatment records from the Lake Cumberland hospital in Somerset, Kentucky. 

All reasonable attempts should be made to obtain any identified records. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile. Any formal determination should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

3. After all of the foregoing development has been completed, schedule the Veteran for a mental disorders examination, to be conducted by a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted. The entire claims file must be made available to the examiner designated to examine the Veteran, and the report of examination should include discussion of the Veteran's documented history and assertions. All indicated tests, including psychological testing, should be conducted and the results reported.

After examining the Veteran and reviewing the claims file, to include the reports of past VA examinations, the examiner should identify all of the Veteran's psychiatric disorders. 

Then, with regard to each, the examiner is asked to provide an opinion, with respect to each such disorder, as to whether it is at least as likely as not (i.e., 50 percent or more probable) that each such disorder manifested in service or is otherwise attributable to service.

The examiner is specifically asked to indicate whether the Veteran meets the diagnostic criteria for PTSD. If PTSD is diagnosed, he or she should provide an opinion as to whether it is at least as likely as not (i.e., 50 percent or more probable) that the diagnosis is related to the Veteran's conceded in-service stressor.

A complete medical rationale for all opinions expressed must be provided.

4. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the outcome of this case. The Veteran need take no action until so informed. The purpose of this Remand is to ensure compliance with due process considerations. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of this appeal. 38 C.F.R. § 20.1100(b) (2015).